IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ Southern DIVISION

| | |
|---|---|
| **LATESHA WEATHERINGTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.: 1:19-cv-414 |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| **DOTHAN CITY BOARD OF EDUCATION** | ) |
| | ) |
| Defendant. | ) |

2019 JUN 13 P 11:47

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

**COMES NOW,** Plaintiff LaTesha Weatherington, by and through undersigned counsel, and for want of prosecution files this complaint in the above-styled cause:

### I.

### NATURE OF THE ACTION

1. This is an action seeking redress from unlawful employment practices by defendant Dothan City Board of Education resulting in deprivation of rights secured and guaranteed to the plaintiff by the laws and Constitution of the United States of America, specifically Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by Title 42 U.S.C. §1983. Further, the plaintiff seeks redress for violation of the Equal Pay Act of 1963, as amended. Plaintiff seeks a declaratory judgment, pursuant to the provisions of Title 28 U.S.C. §. 2201, declaring the rights and relations of the parties as follows:

   (a) That the actions of the defendant against the plaintiff regarding the terms and conditions of her employment and the defendants' employment practices, contravene rights

1

secured unto her pursuant to Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, et seq., amended by the Civil Rights Act of 1991, and the Equal Pay Act of 1963, as amended. Plaintiff seeks equitable and injunctive relief for the unlawful practices committed by the defendant against her, plus a reasonable award of attorney fee and costs, pursuant to Title 42 U.S.C. §1988. Plaintiff seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from the defendant arising from defendant's violation of her rights guaranteed to the plaintiff by Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, et seq., amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, as amended.

## II.

### JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. Sections 1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiff pursuant to the laws and Constitution of the United States of America, namely the Fourteenth Amendment, as enforced by The Civil Rights Act of 1866, Title 42 U.S.C. § 1983.

3. Venue is appropriate pursuant to Title 28 U.S. C. Section 1391(b).

## III.

### ADMINISTRATIVE PROCEDURES

4. Within 180 days of learning of certain acts of discrimination of which plaintiff complains herein, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"),

alleging violations by defendants of plaintiff's right under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The plaintiff was issued a notice of right to sue entitling her to institute a civil action in federal court, pursuant to which she has brought this action.

## IV.

## THE PARTIES

5.  Plaintiff LaTesha Weatherington is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama, residing in Houston County, Alabama. At all times material hereto, the plaintiff is employed with the Dothan City Board of Education, hereinafter referred to as DCBOE.

6.  Defendant DCBOE is subject to suit under the laws and Constitution of the United States as enforced by 42 U.S.C. § 1983. DCBOE is a body politic and at all times material hereto operates the Dothan City Public Schools (DCS). All actions complained of by the plaintiff were committed by the defendant while acting under color of state law and pursuant to a custom and policy and said actions deprived the plaintiff of a right and/or privilege secured and guaranteed to her by the Constitution or laws of the United States. More specifically, the plaintiff alleges that Defendant DCBOE has a policy and custom of not always posting vacancies and if positions are posted, interviews are conducted without transparency and in a discriminatory manner. Defendant has systemic discrimination in he manner in which interviews may or may not be conducted, and in the instances wherein interviews are conducted, the defendant discriminates relative to who sat on interview panels and ultimately which applicants are selected. Plaintiff avers that the defendant employer engages in employment discrimination relative to her inability to obtain promotional opportunities.

## V.
## ALLEGATIONS OF FACT

7. Plaintiff avers that she has been employed with Dothan City Board of Education, (DCBOE), for seventeen (17), years. She avers that her employer has engaged in unlawful discriminatory employment practices against her on the basis of my race, gender and retaliation. She has previously complained of unlawful employment discrimination against my employer, with said claim resulting in the parties agreeing to a compromise. Plaintiff avers that her employer is retaliating against her since the parties' agreement relative to employment opportunities she has sought. Plaintiff avers that she has been passed over for vacancies that have come about, among them the principal's position at the Alternative School, Pass Academy, where Charles Corbitt was hired as principal. Interestingly, he resigned as principal of Northview High School after the closing date for applications were received. She has applied for several higher level/higher paying administrative positions with Dothan City Schools since her settlement agreement in 2016. She applied for and was interviewed for Supervisor for Exceptional Student Services, (a Central Office); Elementary School Principal, (Early Education Center; Highlands; and Cloverdale); Alternative School Principal (PASS Academy); Secondary Curriculum and System Testing Coordinator (a Central Office position); Director of Federal Programs, (a Central Office position); Director of Curriculum Services, (a Central Office position); and she is currently an 11 month assistant principal, she has applied for a 12 month assistant principal position (would be a pay increase). To date no decision has been made on this position. Plaintiff avers that there is a concerted effort against her not being hired despite her application and qualification. At the Board's most recent meeting, a Special Call meeting on May 16, 2019 Board Member, Brenda Guilford, an African-American, voiced her concerns regarding, expressing frustration at what she believes is a lack of

diversity among recent hires. She is quoted in the Dothan Eagle, "I have concerns about our hiring practices here....I see very few like me when I look at the directors here. Then I know how people feel in the classrooms when they have teachers that don't look like them. Sometimes it has to be thrown in our faces so we can see it, because sometimes you just don't see it. We have a lot of people in our system who don't feel like they have room to move." Plaintiff further avers that she recently received an email that was sent out from Lee Jacobs, Assistant Superintendent, referencing training this summer for principal and Central Office staff relative to hiring practices. Plaintiff avers that since Phyllis Edwards became Superintendent, (April 2018, thereabout), she has not hired any minorities for Central Office positions. Indeed, the hirees have been Lee Jacobs, Assistant Superintendent, (white female); Director of Federal Programs, (white male who has no prior experience with federal programs); Athletic Director (white male); and Director of Maintenance (white male). These positions are filled without any transparency and in a discriminatory manner in total disregard of qualification and experience.

8. Plaintiff avers that she has been the victim of gender discrimination, as male employees have been hired for the positions that she has sought. Indeed, the plaintiff avers that her employer compensates her male counterparts more than her. Those males were paid a $15,000.00 differential than what she was paid for performing the same job, requiring the same skill with comparable education and skill. Specifically, Jeff Torrence, the principal at Honeysuckle Middle School and Darius McKay, principal at Girard Elementary School were paid substantially more than the plaintiff was paid for doing the same job as administrator/principal, substantially equal work under equal working conditions. Plaintiff avers that her employer's actions are discriminatory and in violation of the Equal Pay Act of 1963 as amended, Title VII of the Civil Rights Act of 1964 as amended and the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution as enforced by Title 42 U.S.C. § 1983.

9. Plaintiff avers that the defendant employer engages in unlawful discriminatory employment practices by not posting or otherwise advertising positions, rather simply filling the positions, resulting in her being passed over or otherwise deprived of an equal opportunity to apply for positions for which she is duly qualified. The district does not have a documented or exercised selection process for hiring prospective administrators. Thus the entire hiring process is subject to bias, discrimination and favoritism. Plaintiff avers that she was deprived of the opportunity to be considered for the school district's job over federal programs as it was given to a white female. Highlands Elementary School principal job came about when the principal resigned to go to Pike Road School system effective July 31, 2018. A white female was hired for that position. The plaintiff avers that she did not receive an interview for that position, not withstanding the fact that whew was duly qualified. Highland's outgoing principal is Vickie Davis, a white female. Plaintiff avers that she applied for the principal's position at Cloverdale Elementary; a white female with less administrative experience was hired for that position based on the recommendation of the outgoing white female principal before the interview process was to be held. She has never hired any black. teachers, yet the plaintiff was told to submit my letter of interest to Ms. Davis. Needless to say, the plaintiff did not get that job, for which she was duly qualified. I have applied for at jobs, all in an exercise of futility.

10. At all times material hereto, the plaintiff avers that she is presently working at Dothan High School as Assistant Principal. Plaintiff avers that she is the victim of unlawful employment practices within the Dothan City public school system. Specifically, the plaintiff avers that she has been subjected to unlawful employment discrimination on the basis of her race, gender and retaliation. Plaintiff avers that she belongs to a protected class of persons who

6

historically has been subjected to unlawful employment discriminatory practices continuously.

11.     Plaintiff avers that her employer's actions towards her as set forth herein, amount to deprivation of my civil rights as protected by federal law, including, but not limited to, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, et seq., amended by the Civil Rights Act of 1991, and the Equal Pay Act of 1963, as amended by subjecting her to race discrimination in the hiring and promotion process within Dothan City public schools and retaliation.

12.     Plaintiff avers that she has been passed over for the aforementioned positions as a direct and proximate result of the defendant's unlawful employment practices and the positions were awarded to persons even less qualified.

## VI.

### FIRST FEDERAL CAUSE OF ACTION

*Employment Discrimination: Denial of Equal Protection, Fourteenth Amendment;*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twelve (12) of this complaint, as if the same were fully set forth herein and further say:

13.     That the Plaintiff has been discriminated against and treated differently than other employees solely because of her race with respect to her being denied promotions for positions she has sought within DCPS. Plaintiff avers that her rights to equal protection under the Fourteenth Amendment to the United States Constitution as enforced by Title 42 U.S.C. §1983, have been violated by Defendant DCBOE This treatment by the defendant has affected the terms and

conditions of the plaintiff's employment. At all times material hereto, the defendant's discriminatory conduct as complained of herein was committed while acting under color of state law and pursuant to custom and policy, depriving the plaintiff of rights and/or privileges secured to her by the Constitution or laws of the United States, as enforced by Title 42 U.S.C. §1983.

14. The effect of the defendant's unlawful employment practices has been to limit and discriminate against the plaintiff in ways that result in a deprivation of equal employment opportunities. The plaintiff's status as an employee with the defendant has been adversely affected because of her race and gender, all in violation of The Fourteenth Amendment's Equal Protection Clause of the United States Constitution, as enforced by Title 42 U.S.C. § 1983.

15. Plaintiff avers that she is a victim of the defendant's unlawful employment practices for which she has suffered damages.

16. Plaintiff avers that she has suffered loss income, embarrassment, humiliation, mental distress and emotional anguish as a direct and proximate cause of the defendant's discriminatory and unlawful conduct.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands that the court take jurisdiction and upon a trial on the merits, she be awarded compensatory damages, back pay, other employment benefits, attorney fees, costs and any other relief to which plaintiff may show himself to be justly entitled as determined by this court.

### VII.   SECOND FEDERAL CAUSE OF ACTION

*Employment Discrimination: Title VII, Civil Rights Act of 1964,
as amended, 42 U.S.C. §2000e, et seq..*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through seventeen (17) of this complaint, as if the same were full y set forth herein


and further say:

18.   That she has been discriminated against by the defendant and treated differently than other employees because of her race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and conditions of the plaintiff's employment, resulting in her being denied promotional opportunities relative to his employment as alleged in her EEOC Charge of Discrimination. That the defendants' unlawful reverse discriminatory employment practices have been continuing in nature.

19.   Plaintiff avers that she has suffered embarrassment, humiliation, mental distress and emotional anguish as a consequence of the defendant's discriminatory and unlawful conduct.

20.   Plaintiff avers that defendant's discriminatory conduct against her was reckless and willful, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages, compensatory and punitive, back pay, other back employment benefits, attorney fees, costs and any other relief to which plaintiff may show herself to be justly entitled as determined by this court.

### VIII.

### FEDERAL CAUSE OF ACTION

### *Employment Discrimination: Retaliation (Title VII)*

21.   The plaintiff avers that the Defendant, her employer DCBOE, has discriminated and retaliated against her denying her promotions to positions for which he was equally qualified or more qualified than the person hired. The defendant's conduct as set forth herein violates Title VII of the Civil Rights Act of 1964, as amended.

22.   In taking the above-described actions, Defendant discriminated against

9

the plaintiff by engaging in retaliatory conduct and denying her jobs because she has protested against unlawful discrimination. The actions of Defendant were taken with malice or reckless indifference to the federally protected rights of Plaintiff, and in violation of Title VII.

23. As a proximate consequence of Defendant's actions and the violation of Title VII, plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, and other injuries and damages.

## IX.

### FEDERAL CAUSE OF ACTION

### *Employment Discrimination: Equal Pay Act Violation*

24. The plaintiff avers that the Defendant, her employer DCBOE, has discriminated and retaliated against her denying her promotions to positions for which he was equally qualified or more qualified than he person hired. Indeed, the defendant has The defendant's conduct as set forth herein violates Title VII of the Civil Rights Act of 1964, as amended.

25. In taking the above-described actions, defendant discriminated against the plaintiff by engaging in conduct that has denied her rights secured and guaranteed to her that afforded her equal pay for equal work. The plaintiff avers that her employer compensates her male counterparts more than her. Those males were paid a $15,000.00 differential than what she was paid for performing the same job, requiring the same skill with comparable education and skill.

26. As a proximate consequence of Defendant's actions and the violation of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, and other injuries and damages.

Respectfully submitted,

/s/ Amardo Wesley Pitters
Amardo Wesley Pitters, Esquire
Attorney for the Plaintiff
Alabama State Bar: 8998-T64A

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street
Post Office Box 1973
Montgomery, Alabama 36102
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

PRESTON L. PRESLEY, ESQUIRE
ATTORNEY-AT-LAW
1145 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: plpresley@gmail.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**